**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| GARY FONG Derivatively on Behalf of MOLSON COORS BREWING COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PETER H. COORS, PETER J. COORS, GEOFFREY E. MOLSON, ANDREW T. MOLSON, MARK R. HUNTER, BETTY K. DEVITA, MARY LYNN FERGUSON-MCHUGH, FRANKLIN W. HOBBS, IAIN J.G. NAPIER, DOUGLAS D. TOUGH, LOUIS VACHON, ROGER G. EATON, H. SANFORD RILEY, CHARLES M. HERINGTON, and TRACEY I. JOUBERT, <br><br> Defendants, <br><br> -and- <br><br> MOLSON COORS BREWING COMPANY, INC., a Delaware corporation, <br><br> Nominal Defendant. | Case No. <br><br> VERIFIED STOCKHOLDER DERIVATIVE COMPLAINT FOR VIOLATIONS OF SECURITIES LAWS AND BREACH OF FIDUCIARY DUTY <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Gary Fong ("Plaintiff"), by his attorneys, submits this Verified Stockholder Derivative Complaint for Violations of Securities Laws and Breach of Fiduciary Duty. Plaintiff alleges the following on information and belief, except as to the allegations specifically pertaining to Plaintiff which are based on personal knowledge. This complaint is also based on the investigation of Plaintiff's counsel, which included, among other things, a review of public filings with the U.S. Securities and Exchange Commission ("SEC") and a review of news reports, press releases, and other publicly available sources.

## NATURE AND SUMMARY OF THE ACTION

1. This is a stockholder derivative action brought by Plaintiff on behalf of Nominal Defendant Molson Coors Brewing Company, Inc. ("Molson Coors" or the "Company") against the members of its board of directors (the "Board"). The wrongdoing alleged herein has caused

substantial damage to Molson Coors' reputation, goodwill, and standing in the business community, and has also exposed Molson Coors to substantial, potential liability for violations of federal securities law.

2.      Molson Coors Brewing Co. is a holding company, which engages in the provision of beer. It operates through the following segments: United States, Canada, Europe, International, and Corporate. The United States segment consists of production, marketing and sales of its brands, and other owned and licensed brands in the United States. The Canada segment includes production, marketing and sales of its brands, and other owned and licensed brands in Canada. The Europe segment comprises of production, marketing and sales of its brands as well as a number of regional brands in the United Kingdom, Republic of Ireland, and Central Europe. The International segment focuses its operations on Latin America, Europe, Asia Pacific, and Africa. The Corporate segment represents interest and certain other general and administrative costs that are not allocated to any of the operating segments. It operates under the brands Blue Moon, Coors Banquet, Coors Light, Miller Genuine Draft, Miller Lite, Staropramen, Carling, Molson Canadian, Creemore Springs, Cobra, Doom Bar, Henry's Hard and Leinenkugel's. The company was founded in 1786 and is headquartered in Denver, CO.  It is incorporated in Delaware.

3.      On October 11, 2016, Molson Coors reported the successful completion of its previously announced acquisition of SABMiller plc's 58% stake in MillerCoors LLC ("MillerCoors"), the joint venture formed in the United States and Puerto Rico by both companies in 2008.  As part of the transaction, Molson Coors obtained full ownership of the Miller brand portfolio outside of the U.S. and Puerto Rico and retains the rights to all the brands currently in the MillerCoors portfolio for the U.S. and Puerto Rico, including Redd's and import brands such as Peroni, Grolsch and Pilsner Urquell.

4.      As a result, Molson Coors became the third largest global brewer by enterprise value and the sole owner of MillerCoors, which would be operated as a separate business unit of Molson Coors and will retain its name and headquarters in Chicago.

5.      On February 12, 2019, however, Molson Coors reported that its consolidated financial reports were materially in error and should no longer be relied upon.  According to the Company, the predicate for the restatement was that "as part of preparing its 2018 financial statements, the Company identified errors in the accounting for income taxes related to the deferred tax liabilities for its partnership in [MillerCoors]."

6.      The Company admitted that "upon the closing of the acquisition of the remaining interest in MillerCoors … in the fourth quarter of 2016 and completion of the related deferred income tax calculations, the Company did not reconcile the outside basis deferred income tax liability for the investment in the partnership to the book-tax differences in the underlying assets and liabilities within the partnership."

7.      As a result, Molson Coors' financial reporting for 2016 and 2017 would be restated.

8.      Shortly thereafter, the Company was sued for federal securities fraud in an action styled *Sussberg v. Molson Coors Brewing Company et al.*, 1:19-cv-00514-KLM pending in the United States District Court, District of Colorado (Denver).

## JURISDICTION AND VENUE

9.      Pursuant to 28 U.S.C. §1331 and Section 27 of the Securities Exchange Act of 1934 ("Exchange Act"), this Court has jurisdiction over the claims asserted herein for violations of sections 14(a) of the Exchange Act and SEC Rule and 14a-9 promulgated thereunder. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. §1367.

10.     This Court has jurisdiction over each Defendant named herein because each

- 3 -

Defendant is either a corporation that conducts business in and maintains operations in this District or is an individual with sufficient contacts with this District to render the exercise of jurisdiction by the district courts permissible under traditional notions of fair play and substantial justice.

11.     Venue is proper in this Court in accordance with 28 U.S.C. §1391 because: (i) Molson Coors maintains its principal place of business in this District; (ii) one or more of the Defendants either resides or maintains executive offices in this District; (iii) a substantial portion of the transactions and wrongs complained of herein, including the Defendants' primary participation in the wrongful acts detailed herein, and aiding and abetting and conspiracy in violation of fiduciary duties owed to Molson Coors, occurred in this District; and (iv) Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

**Plaintiff**

12.     Plaintiff Gary Fong is, and has continuously been, a stockholder of Molson Coors during the time of the wrongdoing complained of herein.

**Nominal Defendant**

13.     Nominal Defendant Molson Coors is a Delaware corporation, which engages in the provision of beer.

**Defendants**

14.     Defendant Peter H. Coors has been a Director of Molson Coors since 2005 and Chairman of the Board since 2017. Peter H. Coors currently serves as the Company's Chief Customer Relations Officer. Peter H. Coors was the Chairman and Chief Executive Officer of Coors Brewing Company. Upon information and belief, Peter H. Coors is a citizen of Colorado.

15.     Defendant Peter J. Coors has been a Director of Molson Coors since 2015 and is the Senior Manager of Quality Assurance for MillerCoors LLC. Prior to his current role, Peter J. Coors has held various management positions within the Company. Peter J. Coors is the son of Peter H. Coors. Upon information and belief, Peter J. Coors is a citizen of Colorado.

16.     Defendant Geoffrey E. Molson has been a Director of the Company since 2009 and Vice Chairman of the Board since May 2017. Prior to his current role, Geoffrey Molson served as the Company's chairman from June 2015 to May 2017. Upon information and belief, Molson is a citizen of Colorado.

17.     Defendant Andrew T. Molson has been a Director of the Company since 2005 and is the brother of Geoffrey Molson. Upon information and belief, Andrew Molson is a citizen of Canada.

18.     Defendant Mark R. Hunter ("Hunter") has been a Director since 2015 and has served as the Chief Executive Officer ("CEO") and President of Molson Coors since January 1, 2015. Upon information and belief, Hunter is a citizen of Colorado.

19.     Defendant Betty K. DeVita ("DeVita") has been a Director since 2016. DeVita serves on the Molson Coors' Audit Committee. Upon information and belief, DeVita is a citizen of Florida.

20.     Defendant Mary Lynn Ferguson-McHugh ("Ferguson-McHugh") has been a Director for Molson Coors since 2015. Upon information and belief, Ferguson-McHugh is a citizen of Ohio.

21.     Defendant Franklin W. Hobbs ("Hobbs") has been a Molson Coors Director since 2005. Hobbs serves on the Company's Audit Committee. Upon information and belief, Hobbs is a citizen of New York.

22.     Defendant Iain J.G. Napier ("Napier") has been a Molson Coors Director since 2008. Upon information and belief, Napier is a citizen of the United Kingdom.

23.     Defendant Douglas D. Tough ("Tough") has been a Molson Coors Director since 2012. Upon information and belief, Tough is a citizen of Florida.

24.     Defendant Louis Vachon ("Vachon") has been a Molson Coors Director since 2012. Upon information and belief, Vachon is a citizen of Vermont.

25.     Defendant Roger G. Eaton ("Eaton") has been a Molson Coors Director since 2012. Eaton serves on the Company's Audit Committee.  Upon information and belief, Eaton is a citizen of Texas.

26.     Defendant H. Sanford Riley ("Riley") has been a Molson Coors Director since 2005. Upon information and belief, Riley is a citizen of Canada.

27.     Defendant Charles M. Herington ("Herington") has been a Molson Coors Director since 2005. Herington serves on the Company's Audit Committee. Upon information and belief, Herington is a citizen of Florida.

28.     Defendant Tracey I. Joubert ("Joubert") has been Molson Coors' Chief Financial Officer ("CFO") since November 17, 2016.

29.     Defendants Peter H. Coors, Peter J. Coors, Geoffrey Molson, Andrew Molson, Hunter, DeVita, Ferguson-McHugh, Hobbs, Napier, Tough, Vachon, Eaton, Riley, Herrington, and Joubert are referred to as the "Director Defendants."

30.     Defendants Eaton, DeVita, Hobbs, and Herington are referred to herein as the "Audit Committee Defendants."

31.     Defendants Vachon, Napier, and Hobbs are referred to as the "Finance Committee Defendants."

## FIDUCIARY DUTIES

**The Director Defendants**

32.     By reason of their positions as officers and directors of the Company, each of the Director Defendants owed and continues to owe Molson Coors and its stockholders' fiduciary obligations of trust, loyalty, good faith, and due care, and was/is required to use his utmost ability to control and manage Molson Coors in a fair, just, honest, and equitable manner. The Director Defendants were/are required to act in furtherance of the best interests of Molson Coors and its stockholders, to benefit all stockholders equally, and not in furtherance of their personal interest or benefit.

33.     Each director of the Company owed and continues to owe Molson Coors, and its stockholders, the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets.

34.     The Director Defendants, because of their positions of control and authority as directors and/or officers of Molson Coors, were able to, and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein. Because of their executive and/or directorial positions with Molson Coors, each of the Director Defendants had knowledge of material, nonpublic information regarding the Company. In addition, as officers and/or directors of a publicly held company, the Director Defendants had a duty to promptly disseminate accurate and truthful information about the Company's business practices, operations, financials, financial prospects, compliance policies, and internal controls, so that the market price of the Company's stock would be based on truthful and accurate information.

35.     To discharge their duties, the directors of Molson Coors were/are required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of the financial affairs of the Company. The Director Defendants were required to, among other

things:

> (a)     ensure that the Company complied with its legal obligations and requirements—including requirements involving the filing of accurate financial and operational information with the SEC—and refrain from engaging in insider trading and other deceptive conduct;

> (b)     conduct the affairs of the Company in compliance with all applicable laws, rules, and regulations to make it possible to provide the highest quality performance of its business, avoid wasting the Company's assets, and maximize the value of the Company's stock;

> (c)     remain informed as to how Molson Coors conducted its operations, and, upon receipt of notice or information of imprudent or unsound conditions or practices, make a reasonable inquiry in connection therewith, and take steps to correct such conditions or practices and make such disclosures as necessary to comply with applicable laws; and

> (d)     truthfully and accurately guide investors and analysts as to the business operations of the Company at any given time.

**Audit Committee Defendants**

36.     By reason of their positions as members of the Audit Committee, defendants Eaton, DeVita, Herington, and Hobbs, owed Molson Coors and its shareholders fiduciary obligations of good faith, loyalty, and candor, and were required to use their utmost ability to control and manage Molson Coors in a fair, just, honest, and equitable manner. The Audit Committee Charter imposed specific duties and obligations to oversee the integrity of the Company's financial reporting and its financial statements. The Audit Committee members were obligated to:

> (a)     Oversee and monitor the activities of Company management and outside auditors with respect to the Company's accounting and financial reporting processes;

> (b)     Direct the Company's outside auditors to review the Company's interim financial statements included in Quarterly Reports on Form 10-Q prior to the filing of such reports with the SEC;

> (c)     Review with management, before release, the Company's audited financial statements and Management's Discussion and Analysis included in the Company's Annual Report on Form 10-K and recommend to the Board whether the audited financial statements should be included in the Company's Annual Report on Form 10-K;

(d)     Review and discuss with the Company's outside auditors the Company's audited financial statements and audit findings and discuss with the outside auditors those matters required to be discussed by Statement of Auditing Standards No. 114, as amended, or such successor standard as may be promulgated by the Public Company Accounting Oversight Board ("PCAOB"); and

(e)     Provide a report in the Company's annual report on Form 10-K or proxy statement as required by SEC regulations.

**The Finance Committee Defendants**

37.     By reason of their positions as members of the Finance Committee, defendants Vachon, Napier, and Hobbs, owed Molson Coors and its shareholders fiduciary obligations of good faith, loyalty, and candor, and were required to use their utmost ability to control and manage Molson Coors in a fair, just, honest, and equitable manner. The Finance Committee Charter imposed specific duties and obligations to oversee the integrity of the Company's financial reporting and its financial statements. The Finance Committee members were obligated to:

(a)     Monitor the Company's financial, hedging and investment policies and strategies, as well as the Company's tax strategies and legal entity structure;

(b)     Monitor the Company's financial condition and its requirements for funds, including with respect to acquisitions and divestitures; and

(c)     Monitor the Company's debt portfolio, interest rate risk and expense management, credit facilities and liquidity.

<u>**DEFENDANTS' BREACHES OF FIDICIARY DUTY**</u>

**2016 10K**

38.     On February 14, 2017, Molson Coors filed a Form 10-K with the SEC, which reported its financial results and position for the fiscal year ended December 31, 2016 (the "2016 10-K"). The 2016 10-K was signed by the Director Defendants. The 2016 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Hunter and Joubert attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud. The 2016 10- K stated that

the Company's internal control over financial reporting was effective, excluding the internal control over financial reporting at its recently acquired stake in MillerCoors LLC.

39.    The 2016 10-K provided the Company's consolidated statement of operations, which reported comprehensive income attributable to Molson Coors as $2.125 billion for the period covered by the 2016 10-K.

**Bond Offerings During the Relevant Time Period**

40.    On March 6, 2017, the Company announced the pricing of its previously announced offering of $1.0 billion aggregate principal amount of its senior notes, consisting of $500 million principal amount of 1.90% Senior Notes due 2019 and $500 million principal amount of 2.25% Senior Notes due 2020. The offering was expected to close on or about March 15, 2017, subject to customary closing conditions. Molson Coors stated it intended to use the net proceeds of this offering to repay a portion of the amounts outstanding under its term loan facility.  After deducting discounts and commissions and estimated offering expenses, Molson Coors expected to receive net proceeds from the offering of approximately $1.0 billion.

41.    On March 7, 2017, the Company announced the pricing of its previously announced offering of €500 million aggregate principal amount of its Floating Rate Senior Notes due 2019. After deducting discounts and commissions and estimated offering expenses, Molson Coors expected to receive net proceeds from the offering of approximately €500 million.

**2017 Proxy Statement**

42.    On April 5, 2017, the Company filed with the SEC its Schedule 14A (the "2017 Proxy Statement").  The Director Defendants solicited the 2017 Proxy Statement filed pursuant to Section 14(a) of the Exchange Act, which contained material misstatements and omissions.[1]

---

[1] Plaintiff's allegations with respect to the misleading statements in the 2017 Proxy Statement

43.  The 2017 Proxy Statement stated that the Company's code of business conduct and ethics applies to each Board member:

> All of our directors and employees, including our CEO, CFO, and other senior financial and executive officers, are bound by our Code of Business Conduct which complies with the requirements of the NYSE and the SEC to ensure that our business is conducted in a legal and ethical manner. The Code of Business Conduct covers all areas of professional conduct, including employment policies, conflicts of interest, fair dealing and the protection of confidential information, as well as strict adherence to all laws and regulations applicable to the conduct of our business. We will disclose future amendments to, or waivers from, certain provisions of the Code of Business Conduct for executive officers and directors on our website at www.molsoncoors.com within four business days following the date of such amendment or waiver.

***

> Management is charged with managing the business and the risks associated with the enterprise and reporting regularly to our Board. Management primarily regulates risk through the ERM Program, robust internal processes and control environments, comprehensive internal and external audit processes, a strong ethics and compliance department and by adhering to the Code of Business Conduct and our other polices. Management routinely communicates business risks identified through the ERM Program, or otherwise, with our Board, the committees thereof and individual directors.

44.  The 2017 Proxy Statement states the following concerning the duties of the Audit Committee concerning compliance and oversight:

> The role of the Audit Committee is to prepare this report and to represent and assist our Board in its oversight of: (1) the integrity of our financial reporting process and our financial statements; (2) our compliance with legal and regulatory requirements, and our ethics and compliance program, including our Code of Business Conduct; (3) our systems of internal control over financial reporting and disclosure controls and procedures; (4) our internal audit function; and (5) the qualifications, engagement, compensation and performance of the independent registered public accounting firm, its conduct of the annual audit and its engagement for any lawful purpose.

---

are based solely on negligence; they are not based on any allegation of reckless or knowing conduct by or on behalf of the Defendants, and they do not allege, and do not sound in, fraud. Plaintiff specifically disclaims any allegations of, reliance upon any allegation of, or reference to any allegation of fraud, scienter, or recklessness about these allegations and related claims.

45.    The 2017 Proxy Statement was false and misleading because, despite assertions to the contrary, the Company's code of conduct was not followed, as the Director Defendants made and/or caused the Company to make the false and misleading statements discussed herein. Additionally, the 2017 Proxy Statement was materially false and/or misleading and failed to disclose material adverse facts about the Company's business, operations, and prospects. Further, the Proxy Statement was false and misleading because the Audit Committee Defendants did not comply with the Company's mandates concerning conduct.

**2017 10K**

46.    On February 14, 2018, Molson Coors filed a Form 10-K with the SEC, which provided its financial results and position for the fiscal year ended December 31, 2017 (the "2017 10-K"). The 2017 10-K was signed by all the Director Defendants except Riley. The 2017 10- K contained signed SOX certifications by Hunter and Joubert attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.  The 2017 10-K stated that the Company's internal control over financial reporting was effective as of December 31, 2017.

47.    The 2017 10-K provided the Company's consolidated statement of operations, which reported comprehensive income attributable to Molson Coors as $2.126 billion for the period covered by the 2017 10-K.

**2018 Proxy**

48.    On April 5, 2018, the Company filed with the SEC its Schedule 14A (the "2018 Proxy Statement").  The Director Defendants solicited the 2018 Proxy Statement filed pursuant to

Section 14(a) of the Exchange Act, which contained material misstatements and omissions.[2]

49.     The 2018 Proxy Statement stated that the Company's code of business conduct

and ethics applies to each Board member:

> All of our directors and employees, including our CEO, CFO, and other senior
> financial and executive officers, are bound by our Code of Business Conduct
> which complies with the requirements of the NYSE and the SEC to ensure that
> our business is conducted in a legal and ethical manner. The Code of Business
> Conduct covers all areas of professional conduct, including employment
> policies, conflicts of interest, fair dealing and the protection of confidential
> information, as well as strict adherence to all laws and regulations applicable to
> the conduct of our business. We will disclose future amendments to, or waivers
> from, certain provisions of the Code of Business Conduct for executive officers
> and directors on our website at www.molsoncoors.com within four business
> days following the date of such amendment or waiver.

50.     The 2018 Proxy Statement states the following concerning the duties of the Audit

Committee concerning compliance and oversight:

> The role of the Audit Committee is to prepare this report and to represent and
> assist our Board in its oversight of: (1) the integrity of our financial reporting
> process and our financial statements; (2) our compliance with legal and
> regulatory requirements, and our ethics and compliance program, including our
> Code of Business Conduct; (3) our systems of internal control over financial
> reporting and disclosure controls and procedures; (4) our internal audit function;
> and (5) the qualifications, engagement, compensation and performance of the
> independent registered public accounting firm, its conduct of the annual audit
> and its engagement for any lawful purpose.

51.     The statements referenced above found in the 2016 10K and 2017 10K were

materially false and/or misleading because they misinterpreted and failed to disclose (i) Molson

Coors failed to properly reconcile the outside basis deferred income tax liability for Molson

---

[2] Plaintiff's allegations with respect to the misleading statements in the 2018 Proxy Statement
are based solely on negligence; they are not based on any allegation of reckless or knowing
conduct by or on behalf of the Defendants, and they do not allege, and do not sound in, fraud.
Plaintiff specifically disclaims any allegations of, reliance upon any allegation of, or reference to
any allegation of fraud, scienter, or recklessness about these allegations and related claims.

Coors' investment in its MillerCoors, LLC partnership; (ii) consequently, Molson Coors misreported net income in its consolidated financial statements for the fiscal years ending December 31, 2016 and December 31, 2017, resulting in an overall downward revision to net income; (iii) Molson Coors lacked adequate internal controls over financial reporting; and (iv) as a result, Defendants' statements about Molson Coors' business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

52.     The Proxy Statements were also false and misleading because, despite assertions to the contrary, the Company's code of conduct was not followed, as the Director Defendants made and/or caused the Company to make the false and misleading statements discussed herein. Additionally, the Proxy Statements was materially false and/or misleading and failed to disclose material adverse facts about the Company's business, operations, and prospects.

53.     Based on the foregoing, there is ample cause to believe that the members of the Board, generally, and its Audit Committee breached their fiduciary duties in connection with the Company's accounting practices.   As a result, the Company has suffered significant damages, including the risks and costs associated with being delisted, and is named as a defendant in a federal securities class action. Molson Coors' stockholders also suffered significant losses and damages.

## DEFENDANTS' MISCONDUCT IS REVEALED

54.     On February 12, 2019, before the market opened, the Company announced that its "previously issued consolidated financial statements as of and for the years ended December 31, 2017 and December 31, 2016 should be restated and no longer be relied upon."   The Company's announcement stated, in relevant part:

> On February 8, 2019, the Audit Committee of the Board of Directors (the "Audit Committee") of Molson Coors Brewing Company (the "Company"), after

discussion with management of the Company and PricewaterhouseCoopers LLP, the Company's independent registered public accounting firm, concluded that the Company's previously issued consolidated financial statements as of and for the years ended December 31, 2017 and December 31, 2016 should be restated and no longer be relied upon.

As part of preparing its 2018 financial statements, the Company identified errors in the accounting for income taxes related to the deferred tax liabilities for its partnership in MillerCoors, LLC ("MillerCoors"). Upon the closing of the acquisition of the remaining interest in MillerCoors (the "Acquisition") in the fourth quarter of 2016 and completion of the related deferred income tax calculations, the Company did not reconcile the outside basis deferred income tax liability for the investment in the partnership to the book-tax differences in the underlying assets and liabilities within the partnership. As a result of completing this reconciliation as part of preparing its 2018 consolidated financial statements, the Company identified a difference related to historical financial statements and concluded that the previously issued 2017 and 2016 consolidated financial statements were misstated. Accordingly, the Company is restating its consolidated financial statements as of and for the year ended December 31, 2016 to increase its deferred tax liabilities and deferred tax expense by $399.1 million, with a corresponding decrease in net income and earnings per share. The Company's consolidated financial statements as of and for the year ended December 31, 2017 are also being restated to reflect the revaluation of such deferred liabilities due to the U.S. Tax Cuts and Job Act of 2017 and to correct further insignificant income tax errors resulting in a decrease to deferred tax liabilities and deferred tax expense of $151.4 million, resulting in corresponding increases to the Company's net income and earnings per share. These adjustments resulted in an aggregate $247.7 million increase to the Company's deferred tax liabilities and corresponding decrease in retained earnings and total equity as of December 31, 2017.

In connection with the restatement, management of the Company has determined that a material weakness existed in the Company's internal control over financial reporting as of December 31, 2018 relating to the design and maintenance of effective controls over the completeness and accuracy of the accounting for and disclosure of the income tax effects of acquired partnership interests. Specifically, the Company did not design appropriate controls to identify and reconcile deferred income taxes associated with the accounting for acquired partnership interests. As a result, the Company's Chief Executive Officer and Chief Financial Officer have concluded that the Company's disclosure controls and procedures were not effective as of December 31, 2018, and the Company's management has concluded that its internal control over financial reporting was not effective as of December 31, 2018.

The Company's management and the Audit Committee have discussed the matters disclosed in this Item 4.02 with the Company's independent registered public accounting firm, PricewaterhouseCoopers LLP.

55.     That same day, the Company filed restated consolidated financial statements for the fiscal years ended December 31, 2016 and December 31, 2017 in the Company's annual report for the fiscal year ending December 31, 2018 (the "2018 10-K") signed by all of the Individual Defendants.

56.     On this news, the Company's stock price fell $6.17 per share, or 9.44%, to close at $59.19 per share on February 12, 2019. The Company's stock price has not recovered.  The 2018 10-K further reported that the Audit Committee working together with management would consider what if any changes would be made to Molson Coors internal controls.

## DAMAGES TO MOLSON COORS

57.     As a direct and proximate result of Defendants' conduct, Molson Coors has been seriously harmed and will continue to suffer harm. This includes legal costs incurred and to be incurred due to the wrongdoing alleged herein and defending the Company and defendants against a wide variety of lawsuits; loss of ability to access credit markets on favorable terms; and costs incurred and to be incurred due to the retention of outside advisors to assist in the internal investigations.

## DERIVATIVE ALLEGATIONS

58.     Plaintiff brings this action derivatively and for the benefit of Molson Coors to redress injuries suffered, and to be suffered, because of the Director Defendants' breaches of their fiduciary duties as directors and/or officers of Molson Coors and violations of Sections 14(a) and 20(a) of the Exchange Act, as well as the aiding and abetting thereof.

59.     Molson Coors is named solely as a nominal party in this action. This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

60.     Plaintiff is, and has been continuously at all relevant times, a stockholder of Molson Coors. Plaintiff will adequately and fairly represent the interests of Molson Coors in enforcing and

prosecuting its rights, and, to that end, has retained competent counsel, experienced in derivative litigation, to enforce and prosecute this action.

## DEMAND FUTILITY ALLEGATIONS

61.     Plaintiff incorporates by reference and re-alleges each allegation stated above as if fully set forth herein.

62.     Plaintiff brings this action derivatively in the right and for the benefit of Molson Coors to redress injuries suffered by Molson Coors as a direct result of the breaches of fiduciary duty by the Director Defendants detailed herein. Molson Coors is named as a nominal defendant solely in a derivative capacity. This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

63.     Plaintiff will adequately and fairly represent the interests of Molson Coors in enforcing and prosecuting its rights.

64.     Plaintiff will adequately and fairly represent the interests of Molson Coors and its shareholders in enforcing and prosecuting its rights and has retained counsel competent and experienced in shareholder derivative litigation.

65.     At the time this Action was commenced, the Board consisted of the following fourteen (14) directors: Peter H. Coors, Peter J. Coors, Geoffrey Molson, Andrew Molson, Hunter, DeVita, Ferguson-McHugh, Herington, Tough, Hobbs, Riley, Napier, Vachon, and Eaton.

66.     Plaintiff has not made a demand on the Board to bring suit asserting the claims against the Director Defendants, because such a demand would be futile, wasteful and a useless act.

67.     The directors are incapable of making an independent and disinterested decision to institute and vigorously prosecute this lawsuit for the following reasons.

68.     First, demand is futile as to Peter H. Coors, Peter J. Coors, Geoffrey Molson, Andrew Molson, and Hunter because, according to the Company's April 5, 2018 proxy statement

filed with the SEC, the Board has determined that Peter H. Coors, Peter J. Coors, Geoffrey Molson, Andrew Molson, and Hunter are not independent.

69.     Second, demand is further futile as to Hunter because he is Molson Coors' President and CEO.

70.     Third, demand is also futile because of Peter H. Coors, Peter J. Coors, and Geoffrey Molson's current and/or prior service as management of Molson Coors (or its wholly-owned subsidiaries) during the relevant time.

71.     Fourth, the Audit Committee Defendants (Eaton, DeVita, Herington, and Hobbs) a substantial likelihood of liability stemming from their failure to oversee the Company's compliance with applicable accounting regulations despite their mandate to do so under the Audit Committee Charter.    Therefore, defendants Eaton, DeVita, Hobbs, and Herington each face a substantial likelihood of liability for their breach of fiduciary duties and demand upon them would be futile.

72.     Fifth, the Finance Committee Defendants (Vachon, Napier, and Hobbs) served on the Company's Finance Committee. Pursuant to the Finance Charter, the members of the Finance Committee were and are responsible for, inter alia, reviewing the Company's financial, hedging, and investment policies as well as the Company's tax strategies. The Finance Committee Defendants breached their fiduciary duties of due care, loyalty and good faith because the Finance Committee, *inter alia*, failed to account for Molson Coors deferred tax liabilities, failed to assure that appropriate internal controls were in place for the accurate reporting of tax liabilities, and wrongfully allowed or permitted the Company to disseminate false and misleading statements in the Company's SEC filings and other disclosures, and caused the above-discussed internal control failures. Therefore, defendants Vachon, Napier, and Hobbs each face a substantial likelihood of

liability for their breach of fiduciary duties and demand upon them would be futile.

73.     Sixth, demand is excused as to the entire Board because the majority of Director Defendants face a substantial likelihood of liability due to the facts alleged herein. Each of these directors were or should have been aware of the financial reporting improprieties and lack of appropriate internal controls, yet they did nothing to bring such problems to light.

74.     Seventh, to properly prosecute this lawsuit, the Director Defendants would have to sue themselves and the other defendants, requiring them to expose themselves and their comrades to tens of millions of dollars in civil liability and/or sanctions. This they have refused to do thus far and will not do in the future. A majority of the Director Defendants are exposed to potential liability for breaching their fiduciary duties by participating in the concealment of important information regarding the Company's core business and permitting the Company to issue repeated disclosures that they knew to be inaccurate and misleading. Thus, demand on the Director Defendants is futile.

75.     Eighth, demand is further excused because the acts complained of herein constitute violations of fiduciary duties owed by defendants, and these acts are incapable of ratification. alleged misconduct was not have been the product of legitimate business judgment as it was based on bad faith and intentional, reckless, or disloyal misconduct.  Thus, defendants cannot claim exculpation from their violations of duty pursuant to the Company's charter.  Each of them faces a substantial likelihood of liability, they are self-interested in the transactions challenged herein and cannot be presumed to be capable of exercising independent and disinterested judgment about whether to pursue this action on behalf of the stockholders of the Company.  Accordingly, demand on the Board is excused as futile.

76.     Finally, the defendants' breaches of their fiduciary duties of candor, good faith and

loyalty have severely damaged the Company.  For example, the Company has been named as a primary defendant in a costly and expensive to defend class action lawsuit for violations of the anti-fraud provisions of the federal securities laws.  The federal securities class action is styled *Sussberg v. Molson Coors Brewing Company et al.*, 1:19-cv-00514-KLM and is pending in the United States District Court, District of Colorado (Denver).

77.     Plaintiff has not made any demand on the other shareholders of Molson Coors to institute this action since such demand would be a futile and useless act for at least the following reasons:

(a)     Molson Coors is a publicly held company with millions of shares outstanding and thousands of shareholders;

(b)     making demand on such a number of shareholders would be impossible for Plaintiff who has no way of finding out the names, addresses, or phone numbers of shareholders; and

(c)     making demand on all shareholders would force Plaintiff to incur excessive expenses, assuming all shareholders could be individually identified.

**FIRST CLAIM**
**Against the Director Defendants**
*for Violations of Section 14(a) of the Exchange Act*

78.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

79.     The Section 14(a) Exchange Act claims alleged herein are based solely on negligence. They are not based on any allegation of reckless or knowing conduct by or on behalf of the Director Defendants. The Section 14(a) claims alleged herein do not allege and do not sound

in fraud. Plaintiff specifically disclaims any allegations of, reliance upon any allegation of, or reference to any allegation of fraud, scienter, or recklessness with regard to these nonfraud claims.

80.     Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a)(1), provides that "[i]t shall be unlawful for any person, by use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 12 of this title [15 U.S.C. § 78l]."

81.     Rule 14a-9, promulgated pursuant to § 14(a) of the Exchange Act, provides that no proxy statement shall contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

82.     Under the direction and watch of the Director Defendants, the 2017-2018 Proxy Statements failed to disclose material adverse facts about Molson Coors' business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Molson Coors was improperly recognizing revenue for certain transactions; (ii) as a result, Molson Coors' financial statements were misstated; (iii) Molson Coors lacked adequate internal controls over financial reporting; (iv) as a result, Molson Coors would be subject to regulatory scrutiny and  incur  substantial costs; and (v) as a result of the foregoing, Director Defendants' positive statements about Molson Coors' business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

83.     The 2017-2018 Proxy Statements also stated that the Company's directors and employees, including its principal executive officer, principal financial officer, principal accounting officer, and controller, or persons performing similar functions, are subject to the Company's Code of Conduct.  The 2017-2018 Proxy Statements were also false and misleading because, despite assertions to the contrary, Molson Coors' Code of Conduct was not followed, as the Director Defendants made and/or caused the Company to make the false and misleading statements discussed herein.

84.     In the exercise of reasonable care, the Director Defendants should have known that by misrepresenting or failing to disclose the foregoing material facts, the statements contained in the 2017-2018 Proxy Statements were materially false and misleading. The misrepresentations and omissions were material to Plaintiff in voting on the matters set forth for stockholder determination in the 2017-2018 Proxy Statements, including, but not limited to, election of directors, ratification of an independent auditor, and the approval of executive compensation.

85.     The false and misleading elements of the 2017-2018 Proxy Statements led to the re-elections of all of the Director Defendants which allowed them to continue breaching their fiduciary duties to Molson Coors.

86.     The Company was damaged as a result of the Director Defendants' material misrepresentations and omissions in the 2017 and 2018 Proxy Statements.

87.     Plaintiff on behalf of Molson Coors has no adequate remedy at law.

## SECOND CLAIM
### Against the Director Defendants
*for Violations of Section 20(a) of the Exchange Act*

88.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

89.     The Director Defendants, by virtue of their positions with Molson Coors and their

specific acts, were, at the time of the wrongs alleged herein, controlling persons of Molson Coors and officers and directors who made the false and misleading statements alleged herein within the meaning of § 20(a) of the Exchange Act. The Director Defendants had the power and influence, and exercised same, to cause Molson Coors to engage in the illegal conduct and practices complained of herein.

90.    Plaintiff on behalf of Molson Coors has no adequate remedy at law.

### THIRD CLAIM
**Against Director Defendants**
for Breach of Fiduciary Duties

91.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as though fully set forth herein.

92.    Each Director Defendant owed to the Company the duty to exercise candor, good faith, and loyalty in the management and administration of Molson Coors' business and affairs.

93.    Each of the Director Defendants violated and breached his fiduciary duties of candor, good faith, loyalty, reasonable inquiry, oversight, and supervision.

94.    The Director Defendants' conduct set forth herein was due to their intentional or reckless breach of the fiduciary duties they owed to the Company, as alleged herein. The Director Defendants intentionally or recklessly breached or disregarded their fiduciary duties to protect the rights and interests of Molson Coors.

95.    In breach of their fiduciary duties, the Director Defendants caused the Company to engage in the misconduct described herein.

96.    In further breach of their fiduciary duties, the Director Defendants failed to maintain an adequate system of oversight, disclosure, controls, and procedures.

97.    Also in breach of their fiduciary duties, the Director Defendants willfully or recklessly made and/or caused the Company to make false and misleading statements that failed

to disclose that: (1) the Company was engaging in the Fraudulent Misconduct; (2) the Fraudulent Misconduct would lead to increased scrutiny from government agencies, including the SEC; and (3) the Company failed to maintain internal controls.

98.     The Director Defendants failed to correct and/or caused the Company to fail to rectify any of the wrongs described herein or correct the false and/or misleading statements and omissions of material fact referenced herein, rendering them personally liable to the Company for breaching their fiduciary duties.

99.     The Director Defendants had actual or constructive knowledge that the Company issued materially false and misleading statements, and they failed to correct the Company's public statements. The Director Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth, in that they failed to ascertain and disclose such facts, even though such facts were available to them. Such material misrepresentations and omissions were committed knowingly or recklessly and for the purpose and effect of artificially inflating the price of the Company's securities.

100.    The Director Defendants had actual or constructive knowledge that they had caused the Company to improperly engage in the fraudulent schemes set forth herein and to fail to maintain adequate internal controls. The Director Defendants had actual knowledge that the Company was engaging in the fraudulent schemes set forth herein, and that internal controls were not adequately maintained, or acted with reckless disregard for the truth, in that they caused the Company to improperly engage in the fraudulent schemes and fail to maintain adequate internal controls, even though such facts were available to them. Such improper conduct was committed knowingly or recklessly and for the purpose and effect of artificially inflating the price of the Company's securities and engaging in insider sales. The Director Defendants, in good faith, should

have taken appropriate action to correct the schemes alleged herein and to prevent them from continuing to occur.

101.    These actions were not a good-faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

102.    As a direct and proximate result of the Director Defendants' breaches of their fiduciary obligations, Molson Coors has sustained and continues to sustain significant damages. As a result of the misconduct alleged herein, the Director Defendants are liable to the Company.

103.    Plaintiff on behalf of Molson Coors has no adequate remedy at law.

### PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff demands judgment in the Company's favor against all Director Defendant as follows:

a.      Declaring that Plaintiff may maintain this action on behalf of Molson Coors, and that Plaintiff is an adequate representative of the Company;

b.      Declaring that the Director Defendants have breached and/or aided and abetted the breach of their fiduciary duties to Molson Coors;

c.      Determining and awarding to Molson Coors the damages sustained by it because of the violations set forth above from each of the Director Defendants, jointly and severally, together with pre- and post-judgment interest thereon;

d.      Directing Molson Coors and the Director Defendants to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and protect Molson Coors and its stockholders from a repeat of the damaging events described herein, including, but not limited to, putting forward for stockholder vote the following resolutions for amendments to the Company's Bylaws or Articles of Incorporation and the following actions as may be necessary to ensure proper corporate governance policies:

1.  a proposal to strengthen the Board's supervision of operations and develop and implement procedures for greater shareholder input into the policies and guidelines of the Board;

2.  a provision to permit the shareholders of Molson Coors to nominate at least six candidates for election to the Board; and

3.  a proposal to ensure the establishment of effective oversight of compliance with applicable laws, rules, and regulations.

e.  Awarding Molson Coors restitution from Director Defendants, and each of them;

f.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees, costs, and expenses; and

g.  Granting such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: August 12, 2019                    **FRANKLIN D. AZAR & ASSOCIATES, P.C.**

By:    */s/Paul R. Wood*
       Paul R. Wood (CO 12578)
       14426 East Evans Avenue
       Aurora, CO 80014
       T. 303.757.3300
       F. 720.213.5131

       Gregory M. Nespole (to seek *pro hac vice*)
       **LEVI & KORSINSKY, LLP**
       55 Broadway, 10th Floor
       New York, NY 10006
       T. 212.363.7500
       F. 212.363.7171

       *Attorneys for Plaintiff Gary Fong*

## VERIFICATION

I, Gary Fong, under penalties of perjury, hereby do declare that I am a plaintiff in the foregoing complaint, that I have read the complaint, and that the facts therein are true to my own knowledge, except to matters stated therein to be alleged upon information and belief, and as to those matters, I believe them to be true and correct to the best of my knowledge, information, and belief.

Signed:

Print Name: Gary Fong                    Date: Aug 11 /2019